## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | | |
|---|---|---|
| **SELENE FINANCE, LP,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | |
| | ) | **Civil Action No. 2017-0035** |
| **JASLENE F. WILLIAMS,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**Attorney:**
**Matthew R. Reinhardt, Esq.,**
St. Thomas, U.S.V.I.
    *For Plaintiff*

## <u>MEMORANDUM OPINION</u>

**Lewis, District Judge**

THIS MATTER comes before the Court on the "Motion for Default Judgment" ("Motion") filed by Plaintiff Selene Finance, LP ("Selene Finance") against Defendant Jaslene F. Williams ("Defendant") in this debt and foreclosure action. (Dkt. No. 23). For the reasons discussed below, the Court will grant Plaintiff's Motion.

## I.  BACKGROUND

On July 31, 2017, Selene Finance filed a Complaint against Defendant for a debt owed and foreclosure of a mortgage on real property. (Dkt. No. 1). Selene Finance alleges that Defendant executed a Note, by power of attorney, on September 12, 2003, in which she promised to pay Selene Finance, the principal amount of $157,771.00, together with interest at the rate of 6.75% per annum, in equal monthly payments of $1,023.00. *Id.* at ¶ 5. As security for payment on the Note, Defendant executed, through power of attorney, a First Priority Mortgage (the "Mortgage") in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Allied

Home Mortgage Capital Corporation. *Id.* at ¶ 7. The Mortgage placed a lien on real property described in the Warranty Deed as:

> Plot 24F (comprising 0.3415 U.S. acres, more or less), Estate St. John, Queen Quarter, St. Croix, U.S. Virgin Islands, as more particularly shown on OLG Drawing No. 1457, dated September 4, 1963

(the "Property") (Dkt. No. 1-5 at 1). The Complaint alleges that the Mortgage was recorded at the Office of the Recorder of Deeds for the District of St. Croix ("Recorder") on September 12, 2003; MERS assigned its entire interest in the Mortgage to Selene Finance on June 21, 2017; and such Assignment was recorded on June 29, 2017 with the Recorder. (Dkt. No. 1 at ¶¶ 7-8).

The Complaint further asserts that the Note and Mortgage were subsequently modified by a Loan Modification Agreement executed on March 13, 2010 and recorded on June 10, 2011. *Id.* at ¶ 10. Per the Modification Agreement, Defendant agreed to pay the new principal amount of $157,665.38 with an interest rate of 5.25% per annum. (Dkt. No. 1-4 at 2).

Selene Finance asserts that, beginning on December 1, 2016, Defendant defaulted under the terms of the Note and Mortgage by failing to pay monthly installments of principal and interest as they became due. (Dkt. No. 1 at ¶ 12). By correspondence dated January 29, 2017, Selene Finance gave notice of default to Defendant advising that failure to cure the default would result in acceleration of the debt and foreclosure of the Mortgage. (Dkt. No. 1-6 at 4-6). Following Defendant's failure to cure the default, Selene Finance declared as due and payable the entire unpaid principal sum along with interest and other charges. (Dkt. No. 1 at ¶ 15).

Selene Finance seeks, *inter alia*, judgment in its favor and against Defendant awarding the principal balance and interest due and payable as of the date of Judgment and thereafter; providing for the recovery of attorneys' fees and costs incurred by Selene Finance; ordering that the Property

be sold with any proceeds to be applied to the sums due to Selene Finance; and allowing for the recovery of any deficiency judgment against Defendant. *Id.* at 4-5.

On October 10, 2017, Selene Finance filed a Motion to Stay to comply with the Robert T. Stafford Disaster Relief and Emergency Assistance Act, following the occurrence of natural disasters in the U.S. Virgin Islands. (Dkt. No. 3). The Magistrate Judge lifted the stay on May 21, 2018. (Dkt. No. 12).

On April 24, 2019, Selene Finance filed a Motion for Default Judgment, together with a Memorandum of Law. (Dkt. Nos. 23, 24). Along with the Motion for Default Judgment, Selene Finance included an Amended Affidavit of Indebtedness signed by Korey McGovern, Document Execution Specialist, who attests that he is familiar with the records related to the servicing of the loan, which were maintained as part of Selene Finance's business records. (Dkt. No. 49-1). In the Affidavit of Indebtedness, McGovern asserts that Defendant owes the following amounts as of May 1, 2022: principal balance of $138,881.74; accrued interest through May 1, 2022 of $40,102.26; escrow advance of $12,727.16; corporate advance of $7,989.00; and late fees of $25.04, for a total indebtedness of $162,523.83. *Id.* at 2. In addition, McGovern asserts that interest accrues at the per diem rate of $19.98. *Id.*

Selene Finance argues that the procedural elements for default judgment against Defendant are met because Defendant is not an infant or an incompetent person, nor is she in the military service. (Dkt. No. 24 at 8). In addition, Selene Finance asserts that it has demonstrated its entitlement to default judgment under the factors set forth in *Chamberlain v. Giampapa*, 210 F.3d 154 (3d Cir. 2000). *Id.* at 7-8.

On April 15, 2020, Selene Finance filed a request for a 60-day stay due to a foreclosure moratorium for borrowers with certain Single-Family Housing Direct loans in light of the COVID-

19 pandemic. (Dkt. Nos. 26, 26-1). After granting several extensions of the stay at the behest of

Selene Finance, the Magistrate Judge lifted the stay on July 29, 2021. (Dkt. No. 47). To date,

Defendant has not responded to the Selene Finance's Motion for Default Judgment.

## II.  APPLICABLE LEGAL PRINCIPLES

When considering a motion for default judgment, the Court accepts as true any facts

contained in the pleadings regarding liability. Fed. R. Civ. P. 8(b)(6). Legal conclusions, however,

are not deemed admitted, nor is the extent or amount of damages claimed by a party. *See Star*

*Pacific Corp. v. Star Atl. Corp.*, 574 F. App'x 225, 231 (3d Cir. 2014); *Service Employees Int'l*

*Union Local 32BJ v. ShamrockClean, Inc.*, 325 F. Supp. 3d 631, 635 (E.D. Pa. 2018); Fed. R. Civ.

P. 8(b)(6). Parties are not entitled to an entry of default judgment as of right; instead, the matter is

addressed to the sound discretion of the court. *Pieczenik v. Comm'r New Jersey Dept. of Envir.*

*Protection*, 715 F. App'x 205, 208-09 (3d Cir. 2017); *Catanzaro v. Fischer*, 570 F. App'x 162,

165 (3d Cir. 2014).

An application for entry of default judgment must contain evidence, by affidavits and/or

documents, of the following:

> (1) the entry of default pursuant to Rule 55(a); (2) the absence of any appearance
> by any party to be defaulted; (3) that the defendant is neither an infant nor an
> incompetent [person]; (4) that the defendant has been validly served with all
> pleadings; (5) the amount of [the] judgment and how it was calculated; (6) and an
> affidavit of non-military service in compliance with the [Servicemember's] Civil
> Relief Act.

*Bank of Nova Scotia v. Tutein*, Civil Action No. 2017-0016, 2019 WL 2656128, at *3 (D.V.I. June

27, 2019); *see also* Fed. R. Civ. P. 55(b); *Ditech Financial LLC v. Felice*, Civil Action No. 2016-

94, 2018 WL 1771558, at *2 (D.V.I. Apr. 12, 2018). Additionally, the Court must assess the three

*Chamberlain* factors when determining whether a default judgment is appropriate. *J&J Sports*

*Productions, Inc. v. Ramsey*, 757 F. App'x 93, 95 n.1 (3d Cir. 2018) (citing *Chamberlain*, 210 F.3d at 164).

## III.   DISCUSSION

To succeed in a debt and foreclosure action, the plaintiff must prove three elements: (1) the debtor executed a promissory note and mortgage; (2) the debtor is in default under the terms of the note and mortgage; and (3) the lender is authorized to foreclose on the property mortgaged as security for the note. *See Brouillard v. DLJ Mortg. Capital, Inc.*, 63 V.I. 788, 793 (2015); *see also Thompson v. Fla. Wood Treaters, Inc.*, 52 V.I. 986, 995 (D.V.I. Dec. 6, 2009) ("To establish a prima facie case for recovery under a promissory note, the holder must demonstrate execution of the note and a default in payment pursuant to its terms."); *Anthony v. FirstBank Virgin Islands*, 58 V.I. 224, 229 (V.I. 2013); 55 Am. Jur. 2d Mortgages § 604 (2019) (foreclosure requires a valid mortgage, default on part of mortgagor, and foreclosure in compliance with terms of contract).

Selene Finance has satisfied all of the requirements necessary to obtain a default judgment against Defendant, as confirmed by the factual allegations of the Complaint and the Motion for Default Judgment, together with the accompanying documents. Selene Finance has provided evidence to establish the elements of its foreclosure action against Defendant. Specifically, Selene Finance has shown that: (1) through a power of attorney, Defendant executed and delivered a promissory note and mortgage dated September 12, 2003 (Dkt. No. 1-1); (2) MERS transferred its interest in the Property to Selene Finance via an Assignment of Mortgage on June 21, 2017 (Dkt. No. 1-3); (3) Selene Finance has possession of the Note and is the holder of the Mortgage, which provides that Selene Finance is entitled to foreclose its lien on the Property (Dkt. No. 1-1 at p.10); and (4) Defendant is in default under the terms of the Note and the Mortgage (Dkt. No. 1-6 at 4). Accepting the factual allegations as true and in light of the accompanying documentation

confirming the terms of the Note and the Mortgage, the Court finds that Selene Finance has established, for purposes of default judgment, the merits of its claim.

In addition to establishing the elements of its claim, Selene Finance has satisfied all of the requirements necessary to obtain a default judgment against Defendant. It has properly shown that: (1) Defendant was personally served with the Summons and Complaint (Dkt. No. 18 at 2); (2) Defendant has not appeared in this action; (3) default was entered against Defendant by the Clerk of Court on January 25, 2019 (Dkt. No. 22); and (4) Defendant is not an infant nor an incompetent person (Dkt. No. 24-8 at ¶¶ 6-7). Further, Selene Finance has provided a copy of a Military Status Report from the Department of Defense Manpower Data Center establishing that Jaslene F. Williams is not in the military service as defined in the Servicemember's Civil Relief Act, 50 U.S.C. § 3931 [formerly 50 App. U.S.C. § 526(a)]. (Dkt. No. 21-1).

In reviewing the Supplemental Affidavit, along with supporting exhibits, the Court finds that the following amounts are due: principal balance of $138,881.74; accrued interest through May 1, 2022 of $40,102.26; accrued interest from May 2, 2022 through the date of entry of Judgment of $8,311.68[1]; escrow advance of $12,727.16; property inspection costs of $876.00; and late fees of $25.04, for a total indebtedness of $200,923.88.

Although Selene Finance has shown how it calculated the amount of the Judgment, it has not provided documentation to support the entire amount of the corporate advance sum included in the recoverable balance. First, Selene Finance has not provided the appropriate documentation to support its request for attorneys' fees, costs, and expenses included in the corporate advance sum. "The information needed to support such a request includes an identification of the attorneys providing the legal services; a description of the services provided; the amount of time spent by

---

[1] $19.98 per diem rate *x* 416 days = $8,311.68 accrued interest.

6

counsel on the various tasks included in the services rendered; and the attorneys' hourly rate(s)." *Ditech Fin., LLC v. Mullen*, Civil Action No. 2012-0005, 2019 WL 6718666, at *4 (D.V.I. Dec. 9, 2019). Without proper documentation, the Court is unable to determine whether the amount of fees sought is in fact recoverable. In addition, the Court cannot ascertain—without more information—the reasonableness of the items billed as "Other." Accordingly, the Court will deny, without prejudice, the portion of the recoverable balance itemized as attorneys' fees, costs, expenses, and "Other." Except for this portion of the recoverable balance, Selene Finance has properly shown how it has calculated the amount of the Judgment.

Finally, the Court has considered the *Chamberlain* factors and finds that the prejudice to Selene Finance resulting from Defendant's breach of her contractual obligations, together with the apparent absence of a litigable defense, weighs in favor of the Court granting default judgment. In addition, Defendant's default was a result of her culpable conduct as evidenced by her refusal to respond to either the Complaint or the Amended Complaint. *See World Ent'mt Inc. v. Brown*, 487 F. App'x 758, 762 (3d Cir. 2012) (finding that defendant engaged in culpable conduct by, *inter alia*, failing to respond to complaint because such failure showed a willful disregard for plaintiff's legal communications); *Cohen v. Gabriel Enters., Inc., et al.*, Civil Action No. 2011-0059, 2013 WL 1154847, at *5 (D.V.I. Mar. 21, 2013) (citing cases finding culpable conduct where defendants failed to answer complaint).

Accordingly, the Court finds that default judgment against Defendant is appropriate.

## IV.   CONCLUSION

For the reasons discussed above, the Court will grant Selene Finance's "Motion for Default Judgment" (Dkt. No. 23) against Defendant Jaslene F. Williams. Accordingly, the Court will award Judgment in favor of Selene Finance and against Defendant in the amount of $200,923.88

consisting of: the principal balance of $138,881.74; accrued interest through March 1, 2022 of $40,102.26; accrued interest from March 2, 2022 through the date of entry of Judgment of $8,311.68; escrow advance of $12,727.16; property inspection costs of $876.00; and late fees of $25.04. The total indebtedness shall accrue interest at the federal statutory rate until the Judgment is satisfied. 28 U.S.C. § 1961(a).

   An appropriate Judgment and Order accompanies this Memorandum Opinion.

Date:  June 21, 2023                        _____/s/_____
                                            WILMA A. LEWIS
                                            District Judge