**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| **SELENE FINANCE, LP,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**JASLENE F. WILLIAMS,** )<br>)<br>**Defendant.** )<br>_____)| Civil Action No. 2017-0035 |

**Attorney:**
**Matthew R. Reinhardt, Esq.**
St. Thomas, U.S.V.I.
 *For Plaintiff*

## MEMORANDUM OPINION

**Lewis, District Judge**

THIS MATTER comes before the Court on the "Motion for Attorney's Fees and Costs" ("Motion") (Dkt. No. 53), filed by Plaintiff Selene Finance, LP ("Plaintiff") against Defendant Jaslene F. Williams ("Williams") seeking $8,057.00 in attorneys' fees and $1,504.00 in expenses. For the reasons discussed below, the Court will grant in part and deny in part Plaintiff's Motion. Specifically, the Court will award Plaintiff $4,276.25 in attorneys' fees and $1,504.00 in expenses, for a total award of $5,780.25.

### I.     BACKGROUND

Plaintiff filed this action against Williams for debt and foreclosure of a real property mortgage based on a Promissory Note and a Mortgage executed in September 2003. (Dkt. No. 1 at ¶¶ 5-9). Plaintiff alleged that Williams defaulted under the terms of the Note and Mortgage and failed to cure that default, resulting in the acceleration of the debt and Plaintiff's efforts to foreclose the mortgage. *Id.* at ¶ 14. Williams did not respond to Plaintiff's Complaint.

The Court entered default judgment in favor of Plaintiff and against Williams. (Dkt. No. 50). The Court declared that Plaintiff had a first priority lien against the real property described in the Mortgage and entered Judgment in favor of Plaintiff for a total indebtedness of $200,923.88, plus post-judgment interest. *Id.* at 1-2. The Judgment and Order also provides that Plaintiff "may seek an award of attorneys' fees, costs, and expenses … at any time prior to entry of an Order confirming sale of the Property." (Dkt. No. 50 at 2).

On July 3, 2023, Plaintiff filed a "Motion for Attorney's Fees and Costs," requesting $8,057.00 in attorneys' fees and $1,504.00 in expenses.[1] (Dkt. No. 53 at ¶ 11). The Motion is supported by a Declaration of Counsel and copies of billing records from Plaintiff's counsel. (Dkt. Nos. 53-2, 53-3).

## II.    DISCUSSION

### A.    Attorneys' Fees

The terms of the Mortgage enforced in this case provides for Plaintiff's right to "collect all expenses incurred … including, but not limited to, reasonable attorneys' fees and costs of court." (Dkt. No. 24-3 at ¶ 18). Based on this provision and Plaintiff's status as the prevailing party under Virgin Islands law, Plaintiff seeks $8,057.00 in attorneys' fees incurred in pursuing this foreclosure action. (Dkt. No. 53 at 1).

The Virgin Islands statute governing attorneys' fees provides, in pertinent part: "The measure and mode of compensation of attorneys shall be left to the agreement, express or implied, of the parties ...." 5 V.I.C. § 541(b). The Supreme Court of the Virgin Islands has held, however, that "although a fee arrangement for legal services is a matter of contract between the client and

---

[1] In one instance, Plaintiff states in the Motion that it expended $8,332.00 in attorneys' fees. (Dkt. No. 53 at 1). This appears to be in error as Plaintiff notes the amount as $8,057.00 elsewhere and the latter amount is reflected in Plaintiff's billing records. (Dkt. No. 53 at 1, 3, 5).

2

the attorney, courts will enforce only reasonable attorneys' fees, even if the contract itself is otherwise enforceable." *Rainey v. Hermon*, 55 V.I. 875, 880-81 (V.I. 2011); *see also Abramovitz v. Lynch*, Civil No. 2005-92, 2007 WL 1959164, at *1 (D.V.I. June 26, 2007) (courts should not enforce contractual provisions that allow unreasonable attorneys' fees); *Yearwood Enterprises, Inc. v. Antilles Gas Corp.*, 2017 WL 6316625, at *3 n.21 (V.I. Super. Dec. 5, 2017) ("Regardless of whether the relief is awarded under V.I.R. Civ. P. 54 or 5 V.I.C. § 541(b), the Court must consider whether the attorney's fees and costs are reasonable."). In addition, the Virgin Islands Rules of Professional Conduct forbid any attorney from making any agreement for or charging "unreasonable fee[s]" or expenses. V.I. Sup. Rule 211.1.5(a). The terms of the Mortgage here also state that Plaintiff may recover "reasonable" attorneys' fees. (Dkt. No. 24-3 at ¶ 18). Therefore, the Court will look to the body of case law interpreting 5 V.I.C. § 541(b) for guidance in assessing what attorneys' fees may be "reasonable." *See Phillips v. FirstBank Puerto Rico*, Civ. No. 13-105, 2018 WL 1789546, at *3 (D.V.I. Apr. 12, 2019) (observing that the inclusion of attorneys' fees within the definition of reasonable costs is derived from 5 V.I.C. § 541).

"To determine a fair and reasonable award of attorneys' fees under 5 V.I.C. § 541(b), the Court considers factors including the time and labor involved, skill required, customary charges for similar services, benefits obtained from the service and the certainty of compensation." *United States v. Woods*, Civil Action No. 2014-0111, 2016 WL 6471448, at *9 (D.V.I. Oct. 31, 2016) (quoting *Staples v. Ruyter Bay Land Partners, LLC*, Civil Action No. 2005-0011, 2008 WL 413308, at *1 (D.V.I. Feb. 6, 2008) (citing cases)). Generally, when evaluating the reasonableness of a claim for attorneys' fees, the court undertakes a two-step analysis. First, the court determines whether the hourly rate sought is reasonable in comparison to prevailing market rates in the relevant community "for similar services by lawyers of reasonably comparable skill, experience,

and reputation." *Williams v. Ranger American of V.I., Inc.*, Civ. No. 14-00017, 2017 WL 2543293, at *1 (D.V.I. June 12, 2017) (citing *Baumann v. Virgin Islands Water & Power Auth.*, Civ. No. 13-02, 2016 WL 1703312, at *1 (D.V.I. Apr. 27, 2016)); *see also Loughner v. Univ. of Pittsburgh*, 260 F.3d 173, 180 (3d Cir. 2001) (determining appropriate hourly rate by comparing the experience and skill of prevailing party's attorneys with that of local attorneys with comparable skill, experience, and reputation). The second step requires the court to decide whether the total hours billed were "reasonably expended," excluding time billed that is "excessive, redundant, or otherwise unnecessary." *Phillips*, 2018 WL 1789546, at *3 (quoting *Flagstar Bank, FSB v. Stridiron*, Civil Action No. 2011-046, 2013 WL 5941298, at *6 (D.V.I. Oct. 31, 2013)).

Traditionally, Virgin Islands courts "'have generally concluded that a reasonable hourly rate in this jurisdiction spans from $125 to $300 per hour.'" *Williams*, 2017 WL 2543293, at *2; *see also Bank of Nova Scotia v. Davis*, Civil Action No. 2017-41, 2019 WL 7593154, at *2 (D.V.I. Sept. 13, 2019) (acknowledging attorneys' rates generally spans from $125 to $300 per hour); *Ditech Financial, LLC v. Felice*, Civil No. 2016-94, 2019 WL 4941365, at *3 (D.V.I. 2019) (awarding attorneys' fees at an hourly rate of $250 for a standard residential mortgage foreclosure case); *Bank of Nova Scotia v. Robinson*, Civil Action No. 2016-0019, 2018 WL 1513269, at *5 (D.V.I. March 13, 2018) (awarding attorneys' fees at a $300 hourly rate in foreclosure proceeding). More recently, however, hourly rates of up to $350.00—or higher depending on the experience level of the attorney and the complexity of the case—have been found to be reasonable rates charged in the Virgin Islands. *See, e.g.*, *Herishetapaheru v. Firstbank Puerto Rico*, Civil Action No. 2016-0057, 2022 WL 991327, at *3 (D.V.I. Mar. 31, 2022) (allowing $325.00 and $250.00 in attorneys' fees based on the attorney's level of experience); *Equivest St. Thomas, Inc. v. Gov't of the Virgin Islands,* No. 01-CV-00155, 2004 WL 3037953, at *8 (D.V.I. Dec. 31, 2004) (concluding

that rate of $403.75/hour was reasonable rate for senior partner and noting that the rate was justified by the expertise of the attorney and "unusual complexity of the litigation."); *High Times VI Enterprises, LLC v. Rahhal*, 74 V.I. 304, 310 (V.I. Super. Ct. Apr. 14, 2021) ("The Court finds that Plaintiff's counsel's rate of $350.00 per hour to be consistent with the customary and prevailing market rates that similarly experienced attorneys charge in the U.S. Virgin Islands."); *Chapa v. Sepe*, No. 12-cv-504, 2013 WL 8609242, at *2 (V.I. Super. Ct. June 3, 2013) (concluding that rate of $395/hour is "at the high end of the customary and prevailing market rates" charged by experienced attorneys in the Virgin Islands).

### i. "Milestone" Billing

In the Declaration of Counsel appended to the Motion, Plaintiff's counsel asserts that the law firm is paid under flat rates at pre-determined milestones during the case and that these "milestone" rates have been found to be reasonable by Fannie Mae. (Dkt. No. 53-2 at ¶¶ 9, 10). For example, when Plaintiff's referral is received, counsel bills Plaintiff $675.00. *Id.* at ¶ 9. When Judgment is entered, counsel bills Plaintiff $1,485.00. *Id.* In total, Plaintiff has attributed $3,275.00 for milestone fees in its billing records.[2] (Dkt. No. 53-3). However, using these lump sum rates, the Court cannot ascertain the time allocated to the tasks covered by the milestone amounts, or the reasonableness of the time expended for such tasks.

In reviewing the docket, however, it appears that counsel completed the following tasks during the course of the proceedings that are not included in the billing records: preparing and filing the Motion for Entry of Default (Dkt. No. 19), the Motion for Default Judgment (Dkt. No. 23), and an Updated Affidavit of Indebtedness (Dkt. No. 49). Also, after the entry of Judgment,

---

[2] Plaintiff's counsel bills $675.00 for "File Received"; $225.00 for Complaint Filed; $530.00 for "Flat Fee-Foreclosure Restart Fee"; $360.00 for Service Complete; and $1,485.00 for Judgment Entered.

counsel prepared the instant Motion for Attorneys' Fees and Costs. Based on these tasks and considering all of the relevant factors and circumstances, the Court will reduce the total milestone amount requested of $3,275.00 by forty-five percent to $1,801.25.[3] The Court finds that such an amount is reasonable in light of the simplicity of the issues presented in the aforementioned filings in this uncontested, default judgment case.

### ii. Non-Milestone Billing

Based on the billing records, non-milestone tasks are billed at an hourly rate of $250.00 per hour. (Dkt. No. 53-3). This rate is reasonable for an uncontested foreclosure case, and the Court will use this rate as the applicable rate for the tasks billed hourly by Plaintiff's counsel.

Having determined a reasonable hourly rate, the Court must then determine whether the number of hours billed were "reasonably expended." *Phillips*, 2018 WL 1789546 at *3. Counsel's billing records reflect that he expended 19.8 hours on the non-milestone tasks. (Dkt. No. 53-3).

The Court concludes that the number of hours claimed by Plaintiff in light of the tasks billed is excessive. This was a routine, run-of-the-mill foreclosure case that was resolved by default judgment and the issues were relatively straightforward. Further, most of the non-milestone tasks billed involve the preparation and filing of Status Reports and Motions to Stay during the COVID-19 foreclosure moratorium. For a majority of these tasks, Plaintiff attributes

---

[3] In the absence of a description of the tasks performed between each of the milestones and the time allocated to each of those tasks, the milestone billing approach makes it difficult for the Court to determine the reasonableness of the attorneys' fees requested. While the Court has reviewed the docket in the instant matter to determine the types of tasks performed between the milestones, such a review should not be the responsibility of the Court. Rather, it is Plaintiff's responsibility to provide billing information in a manner that discloses the tasks performed and the amount of time billed for each of the tasks such that the Court could assess whether the fees sought are reasonable. Plaintiff and counsel would be well-advised to take note of the Court's concern in this regard.

an hour of work. However, these were short filings of no more than a page and a half-in length, and were not substantively different in that such filings simply requested an extension of the litigation stay due to the extension of the CARES Act foreclosure moratorium during the COVID-19 pandemic. (Dkt. Nos. 26, 28, 30, 32, 34, 36, 38, 40, 42, 46).

Considering the routine, straightforward nature of the case and the relative simplicity of the tasks performed, the Court finds that 19.8 hours of work billed—not including the milestone tasks—at the $250.00 per hour rate for a total amount of $4,950.00 in attorneys' fees is excessive. Further, the Court considers that counsel has eight years of civil litigation experience. (Dkt. No. 53-2). The Court will therefore reduce the $4,950.00 in fees by fifty percent and will award attorneys' fees for the non-milestone tasks in the amount of $2,475.00.

Accordingly, the Court will award $1,801.25 for the milestone tasks and $2,475.00 for the non-milestone tasks, for a total award of $4,276.25. The Court finds that this amount is reasonable and more comparable with awards in other uncontested, run-of-the mill foreclosure cases—as here—without any unusual issues. *See, e.g.*, *Flagstar Bank, FSB v. Walcott,* Civil Action No. 2018-0037*,* 2022 WL 4094075, at *4 (D.V.I. Sept. 6, 2022) (awarding $4,850.00 in attorneys' fees)*; Lakeview Loan Servicing, LLC v. Martinez*, Civil Action No. 2016-0073, 2020 WL 4572340, at *7 (D.V.I. Aug. 7, 2020) (awarding $4,975.00 in attorneys' fees); *Fed. Nat'l Mortg. Ass'n v. Searles*, Civil Action No. 2015-0021, 2020 WL 4548218, at *3 (D.V.I. Aug. 5, 2020) (awarding $4,867.22 in attorneys' fees); *Lakeview Loan Servicing, LLC v. Rodriguez*, Civil Action No. 2016-0049, 2020 WL 2441412, at *5 (D.V.I. May 12, 2020) (awarding $4,175.00 in attorneys' fees).

**B.     Expenses**

The Supreme Court of the Virgin Islands has opined that "costs" and "expenses" do not cover the same outlays of funds. In *Terrell v. Coral World*, 55 V.I. 580 (V.I. 2011), the court noted that Title 5, Sections 541 through 547, "govern the award of costs to a prevailing party in civil litigation." *Id*. at 584. The *Terrell* court observed that "'costs are not synonymous with expenses unless expressly made so by statute.'" *Id*. at 591 n.14 (citation omitted). With regard to "expenses"—those case-related expenditures that do not qualify as "costs" under applicable statutes—such payments may be reimbursed if allowed by the parties' contract, because courts generally enforce the terms of contracts. *See Audubon Engineering Co. LLC v. International Procurement and Contracting Group LLC,* 647 F. App'x 95, 100 n.4 (3d Cir. 2016) (upholding district court's determination that plaintiff was entitled to attorneys' fees because defendant was prevailing party and contractually entitled to attorneys' fees and court costs); *Rainey*, 55 V.I. at 886 (court permitted party to recover legal fees and administrative costs allowed by its contract, "unless the fee is unreasonable."). Here, the Mortgage provides that the "[l]ender shall be entitled to collect all expenses … including, but not limited to, costs of court." (Dkt. No. 24-3 at ¶ 8).

Plaintiff is seeking reimbursement of $1,504.00 for the following expenses: $400.00 for filing the Complaint; $975.00 in title fees; $54.00 in recording fees; and $75.00 in service of process fees. (Dkt. No. 53-3). Plaintiff has submitted invoices that support each of the expenditures claimed and these expenses generally are considered reasonably incurred in a debt and foreclosure action. Because the claimed expenses are compensable per the terms of the Mortgage and are reasonable, they will be allowed in the amount of $1,504.00.

### III.   CONCLUSION

For the foregoing reasons, Plaintiff Selene Finance, LP's "Motion for Attorney's Fees and Costs" (Dkt. No. 53) will be granted in part and denied in part. Plaintiff will be awarded attorneys' fees against Defendant Jaslene F. Williams in the amount of $4,276.25 and expenses in the amount of $1,504.00, for a total award of $5,780.25. Plaintiff's Motion is otherwise denied.

An appropriate Order accompanies this Memorandum Opinion.

Date: December 8, 2023

_____/s/_____
WILMA A. LEWIS
District Judge